**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEFFREY LOGAN KEENHOL, *on behalf of himself* *and all others similarly situated,* | : : : : : |
| Plaintiff, | : : |
| v. | : : |
| DESALES UNIVERSITY | : : |
| Defendant | : : |

Case No. 5:24-cv-01083

Electronically Filed

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant DeSales University ("DeSales", "DSU", or "Defendant"), by and through its counsel, Saul Ewing LLP, submits this Answer and Affirmative Defenses to the Complaint (the "Complaint") of Plaintiff Jeffrey Logan Keenhol (the "Plaintiff" or "Keenhol").

## NATURE OF THE ACTION

1.     Higher education is no different from any other industry in as much as consumers (i.e., students) have the ability to shop between different educational products offered by competitive institutions before ultimately purchasing the product that is right for them.

**ANSWER:**   Denied.

2.     Some colleges and universities offer an educational product without access to a campus or in-person community, while others offer an educational product with access to a varied suite of services, activities, facilities and experiences through an on-campus, in-person educational experience.

**ANSWER:**   Admitted that some colleges and universities offer education without a campus or in-person instruction while others offer on-campus services and facilities and in-person instruction. Defendant denies the remaining allegations of this paragraph

3.      Plaintiff, an undergraduate student during the Spring 2020 semester, paid tuition and fees to enroll in DSU's on-campus, in-person education program, including all the benefits and services associated therewith for the entirety of the semester.

**ANSWER:**    Admitted in part, as Plaintiff was an undergraduate student during the Spring 2020 semester and was enrolled in a degree program offered through primarily in-person instruction. DeSales is without sufficient knowledge or information to form a belief as to what Plaintiff means by "the benefits and services associated therewith" and as such the remaining allegations of this paragraph are denied. Defendant denies the remaining allegations of this paragraph.

4.      Plaintiffs paid-for experience was not provided throughout the Spring 2020 semester, when that in-person educational experience was taken away from Plaintiff and other students at DSU.

**ANSWER:**    DeSales admits that, due to government orders issued in light of the COVID-19 pandemic, it was prohibited from providing in-person instruction for the full duration of the Spring 2020 semester. DeSales denies "took away" Plaintiff's or other students' "paid-for experience." The remaining allegations of this paragraph merely recount the Plaintiff's characterization of the case and, as such, do not require a response from Defendant. To the extent that a response is required, Defendant denies the remaining allegations of this paragraph.

5.      In March 2020, in response to the outbreak of the SARS-CoV-2 virus, the virus that causes the COVID-19 disease (the "COVID-19 pandemic"), DSU, like many other colleges, transitioned to remote online-only education, canceled on- campus recreational events, canceled student activity events, and ordered students to refrain from going on campus.

**ANSWER:**    Admitted that in March 2020, in response to government orders issued in light of the COVID-19 pandemic, DeSales, like many other colleges and universities, was forced to terminate in-person instruction and to transition to primarily online instruction, with some exceptions (*e.g.*, the continuation of some clinical instruction). Similarly, it is admitted that DeSales instructed students to refrain from going on campus on March 16, 2020. On March 21, DeSales stated that instruction will occur online through the remainder of the Spring semester (although, at all times there were some exceptions permitting University students and personnel to be present on-campus), and accordingly canceled many "on-campus recreational events." These actions were mandated by the Governor of the Commonwealth, for the health and safety of DeSales community. *See* copy of March 21, 2020 email announcement, attached as Exhibit "A". DeSales is without sufficient knowledge or information to form a belief as to what Plaintiff means by "student activity

events" and, as such, the allegation that DeSales canceled such events is denied as are the remaining allegations of this paragraph.

6.      As a result, all on-campus education, services, and amenities were no longer available to DSU students for the remainder of the Spring 2020 semester.

**ANSWER:**   DeSales admits that, as a result of government orders, it no longer could provide in-person instruction for the remainder of the Spring 2020 semester. DeSales denies the remaining allegations of this paragraph. By way of further answer, DeSales continued its operations through the Spring 2020 semester and Plaintiff continued to receive the benefit of those operations, including instruction in the classes in which he enrolled that semester, other services and amenities, and the award of associated academic credits.

7.      Despite the harsh reality that students could no longer enjoy the benefit of the bargain for which they pre-paid, DSU refused to provide a prorated refund of tuition or fees tied to its on-campus education, services, and amenities that were not available to students for a significant part of the Spring 2020 semester.

**ANSWER:**   Admitted only that DeSales did not provide a pro-rated refund of tuition or certain fees during the Spring 2020 semester in connection with the COVID-19 pandemic. DeSales continued its operations through the Spring 2020 semester and Plaintiff continued to receive the benefit of those operations, instruction in the classes in which he enrolled that semester, other services and amenities, and the award of associated academic credits. Denied as a legal conclusion that DeSales deprived students "the benefit of the bargain for which they pre-paid;" To the extent that averment is deemed to be factual, it is denied. Moreover, DeSales distributed Coronavirus Aid, Relief, and Economic Security ("CARES") Act and related monies to Plaintiff and other students to help cover disruptions suffered as a result of the COVID-19 pandemic.

8.      Accordingly, DSU's students lost the benefits of the bargain for services, access, and the experience they paid for but could no longer access or use following the school's transition to remote learning in March 2020.

**ANSWER:**   Denied. DeSales continued its operations through the Spring 2020 semester and Plaintiff continued to receive the benefit of those operations, including instruction in the classes in which he enrolled that semester, and the award of associated academic credits. The allegation that students lost the "benefits of the bargain" is denied as a legal conclusion to which no response is required.  To the extent that averment is deemed to be factual, DeSales never promised it would deliver Plaintiff or

- 3 -

any other student in-person instruction or unfettered access to its campus regardless of the circumstances

9.      By not giving prorated refunds for tuition or fees charged for on- campus education and services not provided, DSU breached its contracts with students or was otherwise unjustly enriched.

**ANSWER:**   Denied as a conclusion of law to which no response is required.  To the extent the averments of this paragraph are deemed to be factual, they are denied.

10.     It cannot be disputed that the circumstances underlying this legal action are unfortunate and unprecedented. However, the students did not choose these circumstances, and they certainly did not agree to pay tuition and fees for online- only education and services.

**ANSWER:**   DeSales admits that the COVID-19 pandemic was unfortunate and unprecedented, and that neither the students—nor DeSales—chose to be impacted by a global pandemic. DeSales denies the remaining allegations of this paragraph.

11.     It is unfair and unlawful for DSU to retain tuition and fees for campusbased in-person education and services that was not provided and to pass the financial losses on to its students.

**ANSWER:**   The averments of this paragraph constitute a conclusion of law to which no response is required. To the extent that a response is required, the allegations are denied. DeSales specifically denies that it retained tuition and fees for education and services not provided or that it passed its own financial losses on to its students.

12.     Importantly, Plaintiff does not challenge Defendant's discretion in adhering to federal, state, and local health guidelines, but rather challenges DSU's decision to retain the tuition and fees, paid by Plaintiff and other students for inperson education, experiences, access to campus, and services, without providing such for the entire duration of the Spring 2020 semester.

**ANSWER:**   DeSales denies that it retained any tuition and fees without providing the corresponding services for which tuition and fees were due. DeSales admits that it adhered to federal, state, and local health guidelines and that it was legally prohibited from allowing students access to its campus.

13.     Plaintiff brings this class action for damages and restitution resulting from DSU's retention of the tuition and fees paid by Plaintiff and the other putative Class members for in-person education and services not being provided. Specifically, this lawsuit seeks disgorgement of the prorated, unused amounts of the fees that Plaintiff and other putative Class members paid, but for which they were not provided the benefit, as well as a partial prorated tuition reimbursement representing the difference in fair market value between the on-campus product for which they had paid, and the online product that they received.

> **ANSWER:**   This paragraph merely recounts the Plaintiff's characterization of the case and, as such, does not require a response from Defendant. To the extent that a response is required, DeSales denies that Plaintiff and other alleged putative Class Members were denied the education and services for which tuition and fees were due, denies the fees Plaintiff and others paid were "unused", and denies that there is a difference in "fair market value" between the education Plaintiff and other students were provided over the course of the Spring 2020 semester – which included online instruction for part of the semester and in-person instruction for part of the semester – and that which would have been provided through in-person instruction for the entire semester. DeSales denies the remaining allegations of this paragraph.

## PARTIES

14.     Plaintiff, Jeffrey Logan Keenhol, is an adult, who at all relevant times, is a resident and citizen of Pennsylvania. He paid tuition and fees for the Spring 2020 semester. Beginning in approximately March of 2020, Plaintiff was forced to take his classes remotely, refrain from visiting campus, and prevented from utilizing various on-campus services for which he paid.

> **ANSWER:**   Admitted that Plaintiff is an adult; that, at the time of his enrollment at DeSales, Plaintiff was a resident and citizen of Pennsylvania; and that beginning on March 16, 2020, courses that were being taught through in-person instruction were transitioned to online instruction, and that campus access was restricted in accordance with the Governor's order. *See* copy of March 12, 2020 email announcement, attached as Exhibit "B". Denied that Plaintiff was prevented from utilizing available services, as many services provided on-campus were provided in other formats. DeSales's academic calendar for academic year 2019-2020 reflects that, for students enrolled in courses for the regular full semester schedule – like Plaintiff, the transition to online instruction occurred over halfway through the semester. DeSales denies the remaining allegations of this paragraph. *See* 2019-2020 Academic Calendar, attached as Exhibit "C".

15.     Plaintiff was an undergraduate student enrolled at DSU for the Spring 2020 semester, which was scheduled to run from approximately January 20,2020 to May 12, 2020. In or around March 16, 2020, the campus was closed due to the COVID-19 pandemic. Plaintiff paid tuition and fees for an in-person educational experience and access to campus during the Spring 2020 semester, the benefits of which he lost because DSU closed the campus and cut off access to on-campus services, facilities, and extracurricular activities.

> **ANSWER:**   Admitted that Plaintiff was an undergraduate student at DeSales for the Spring 2020 semester; that, for students enrolled in courses for the regular full semester schedule – like Plaintiff (though other students attended classes according to other schedules dependent on the program in which the student was enrolled), the first day of classes was January 14, 2020, and the last day of scheduled classes was May 1, 2020, with final exams concluding on May 9, 2020; and that student access to DeSales's campus was restricted after March 16, 2020 due to the COVID-19 pandemic. *See* Exhibit C and Exhibit B. The reference to "on-campus services, facilities, and extracurricular activities" is insufficiently specific for DeSales to respond, particularly as student access to many such resources was continued throughout the semester through varying formats. DeSales is without sufficient knowledge or information to form a belief as to whether Plaintiff accessed these resources before or after March 16, 2020.  DeSales denies the remaining allegations of this paragraph.

16.     Defendant DSU is a private liberal arts college founded in 1964. DSU offers undergraduate programs and graduate programs. Defendant's undergraduate program enrolls students from Pennsylvania as well as throughout other states and countries. Its principal campus is located in Center Valley, Pennsylvania. Defendant is a citizen of Pennsylvania.

> **ANSWER:**   Admitted that DeSales is a private university founded in 1964 which offers an undergraduate program to students from Pennsylvania as well as throughout other states and countries; and that DeSales's primary campus is located in Center Valley, Pennsylvania. Denied that DeSales is a "citizen" of Pennsylvania but admitted that DeSales is an institution of higher education licensed to operate in Pennsylvania.

## JURISDICTION AND VENUE

17.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class,

as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

    a.      The averments of this paragraph constitute a conclusion of law to which no response is required.

18.      This Court has personal jurisdiction over Defendant because ma. o f the acts and transactions giving rise to this action occurred in this District, and because Defendant conducts substantial business by operating its principal campus in this District and soliciting students residing in this District to attend its institution.

**ANSWER:**      The averments of this paragraph constitute a conclusion of law to which no response is required.

19.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District, specifically, the contracts that are the subject of this action were formed in this District, and the performance and breach of contract also occurred in this District.

**ANSWER:**      The averments of this paragraph constitute a conclusion of law to which no response is required.

## FACTUAL ALLEGATIONS

20.      Prior to the COVID-19 pandemic, DSU had a longstanding tradition of offering face-to-face classroom settings on campus.

**ANSWER:**      Admitted in part. DeSales offers, and had offered prior to the COVID-19 pandemic, courses taught on-line, through in-person instruction or through a hybrid method. While it is true that for the Spring 2020 semester, DeSales scheduled a majority of courses to be taught through in-person instruction, there were some degree programs for which this was not the case, and for which hybrid or online methods were available. DeSales denies the remaining allegations of this paragraph.

- 7 -

21.     Upon information and belief, when students register for courses, DSU's electronic course catalog and registration portal list information such as the physical, on-campus location including building, room and times each class was scheduled to meet in.

**ANSWER:**    Admitted in part. This paragraph references pages of DeSales's electronic course catalog and registration portal, each of which is a written document, the actual, complete, and accurate contents of which speak for themselves, and any characterizations thereof are denied. To the extent that the allegations contained in this paragraph contradict any written document, they are denied.

22.     To enroll in classes, DSU students are required to pay tuition and some form of mandatory fees. The Spring 2020 semester was scheduled to commence on or about January 14, 2020 and end on or about May 9, 2020. In or around March 16, 2020, the campus was closed due to the COVID-19 pandemic.[1]

**ANSWER:**    Admitted in part.  DeSales requires its students to pay tuition and certain fees to enroll in its classes. The semester was scheduled to commence on January 14, 2020. Classes concluded on May 1, 2020, and final exams were conducted through May 9, 2020. DeSales denies that the campus was "closed" in March 2020 as certain students remained on the physical campus.  To the extent that the allegations contained in this paragraph contradict any written document, they are denied.

23.     Tuition and fees for the Spring 2020 term was $18,600.00 for full-time traditional undergraduate student, as well as approximately $750.00 in mandatory fees.[2]

**ANSWER:**    Admitted that for Spring 2020, the tuition for full-time undergraduate students was approximately $18,600.00 and that students are typically charged fees relating to, *inter alia*, health services and student activities. This paragraph references archived pages of DeSales's website, each of which is a written document, the actual, complete, and accurate contents of which speak for themselves, and any characterizations thereof are denied. To the extent that the allegations contained in this paragraph contradict any written document, they are denied.

---

[1]     https://www.desales.edu/news-events/news/article/2020/03/ll/a-message-from- the-president-coronavirus-update (last visited Mar. 13, 2024).

[2]     https://web.archive.Org/web/20190505005124/https://www.desales.edu/ admissions-financial-aid/undergraduate-admissions-aid/tuition-fees (last visited Mar. 13, 2024).

52235701.5

24.     DSU uses its marketing materials, course catalog, and other bulletins to solicit students for its in-person, on-campus academic programs. DSU encourages people to visit its campus on their website.

**ANSWER:**   Admitted in part. DeSales uses marketing materials, such as course catalogs, recruiting events, and a website, to highlight to prospective students the benefits of all academic programs. DeSales denies the remaining allegations of this paragraph.

25.     DSU also markets its campus and community and to its students, specifically, DSU highlights "the DeSales Difference" that set DSU apart from other institutions.[3]

**ANSWER:**   Denied as stated.  This paragraph references a page of DeSales's website, which is a written document, the actual, complete, and accurate contents of which speak for themselves, and any characterizations thereof are denied. To the extent that the allegations contained in this paragraph contradict any written document, they are denied.

26.     Plaintiff and members of the Class paid their tuition in the Spring 2020 semester to enjoy everything DSU offered them, including on-campus resources, campus community, and in-person education for the entire Spring 2020 term.

**ANSWER:**   Denied.

27.     When enrolling in classes for Spring 2020, Plaintiff and members of the Class chose to enroll in classes offered in-person, to obtain the benefits outlined above.

**ANSWER:**   Denied

28.     Plaintiff and the members of the Class paid the mandatory fees for the Spring 2020 semester so they could benefit from on-campus services and facilities offered by DSU to its students.

**ANSWER:**   Denied.

29.     Despite Plaintiff and Class Members paying the Spring 2020 semester tuition and Mandatory Fees to attend DSU for in-person and on-campus educational experience, services, and

---

[3]     https://www.desales.edu/ (last visited Mar. 13, 2024).

access, DSU failed to provide the promised in-person education for the duration of the entire semester, instead providing only online instruction for part of the Spring 2020 semester.

**ANSWER:**   Denied.

**A.**     **In Response to COVID-19, DSU Closed Campus, Preventing Access to its Facilities, Services, Housing, and Dining, and Cancelled All In-Person Classes**

30.     DSU announced that students would be required to leave campus by Friday, March 15, 2020.[4] On March 21, 2020, DSU announced that the remainder of the spring semester would be taught remotely.[5]

**ANSWER:**     Admitted that DeSales had to cancel in-person instruction as of March 16, 2020 and thereafter moved all in-person classes to online. DeSales denies the remaining allegations of this paragraph. To the extent that the allegations contained in this paragraph contradict any written document, they are denied.

31.     DSU did not resume any in-person classes for undergraduate students after the March 13, 2020 announcement. All Spring 2020 classes were only offered in a remote online format with no in-person instruction or interaction.

**ANSWER:**     Admitted that DeSales did not hold any in-person classes for undergraduate students between March 16, 2020 and the end of the Spring 2020 term. DeSales denies the remaining allegations of this paragraph.

32.     Most of the services for which the Mandatory Fee was assessed were also terminated or cancelled at or about this time, such as access to student health and wellness facilities, programs or services; studios and study spaces; fitness facilities; and student events.

**ANSWER:**     DeSales denies that access to facilities and services was "terminated, cancelled, or severely curtailed," as student access to many resources – including, but not limited to – library resources, recreational activities, health and wellness resources, student

---

[4]     https://www.desales.edu/news-events/news/article/2020/03/14/presidential- notice— covid-19-student-update-march-14 (last visited Mar. 13, 2024).

[5]     https://www.desales.edu/news-events/news/article/2020/03/22/update-from-the- president-classes-online-until-end-of-semester-mass-celebrated-online-for-4th- sunday-of-lent (last visited Mar. 13, 2024).

organizations, athletic and arts activities, and other programs and services – were continued throughout the semester through varying formats.

33.    Although DSU provided prorated refunds for residence hall rooms and dining hall plans, DSU refused to adjust its tuition policies, including its policies governing tuition or the mandatory fees. Under those policies, the shift to exclusive remote online instruction occurred after students had already registered for course and made the necessary financial obligations to pay the associated tuition and fees.

> **ANSWER:**    Admitted in part. DeSales did offer pro-rated refunds for Spring 2020 room and board fees, and DeSales did not offer tuition refunds in connection with the transition to online learning in light of government-ordered closure related to the COVID-19 pandemic, as DeSales continued its operations through the Spring 2020 semester and Plaintiff continued to receive the benefit of those operations, including instruction in the classes in which he enrolled that semester, other services and amenities, and the award of associated academic credits. The remaining allegations of this paragraph are denied.

**B.    Students Experienced Significant Losses, in Many Cases of Borrowed Funds as a Result of DSU's Conduct.**

34.    At DSU, the median federal loan debt among borrowers who completed their undergraduate degree is $25,788.00.[6] The median monthly federal loan payment (if it were repaid over 10 years at 5.05% interest) for student federal loan borrowers who graduated from DSU is $273.00.[7]

> **ANSWER:**    It is admitted that, for those students polled during fiscal years 2019 and 2020, the median federal loan debt among borrowers who completed their undergraduate degree is $25,788.00. The remaining allegations of this paragraph are denied as DeSales is without sufficient information to determine the terms of the "federal loan payment" alleged. To the extent that the allegations contained in this paragraph contradict any written document, they are denied.

35.    With the campus shut down for the entire term, Plaintiff and the proposed Class have been deprived of the benefits of the on-campus educational experience, services, and access

---

[6]    https://www.usnews.com/best-colleges/desales-university-3986/paying (last visited Mar. 13, 2024).

[7]    *Id.*

to campus as set forth above. Nevertheless, DSU has refused to refund any portion of the tuition or the Mandatory Fee, despite not providing the on-campus educational product for which students paid.

> **ANSWER:**    Admitted that DeSales did not provide tuition and fee refunds when students continued to receive an education and earn credits toward their degrees. Further answering, DeSales followed its own tuition policies, including its policies governing tuition refunds and the timelines for seeking such refunds. The remaining allegations of this paragraph are denied. It is specifically denied that campus was "shut down for the entire term" or that DeSales charged tuition and fees for educational services which were not provided.

36.    Students attending DSU's Spring 2020 term did not choose to attend an online institution of higher learning, but instead chose to enroll in DSU's in-person, on campus educational program.[8]

> **ANSWER:**    DeSales is without sufficient knowledge or information to form a belief as to why unspecified students chose to enroll in courses offered through primarily in-person instruction. The remaining allegations, including the referenced footnote, in this paragraph are denied.

37.    During the Spring 2020 term, DSU principally used programs by which previously recorded lectures were posted online for students to view on their own, or by virtual Zoom meetings. Therefore, there was a lack of classroom and experiential learning and interaction between students and professors and among students that students enrolling at DSU paid for.

> **ANSWER:**    Admitted that after March 26, 2020, DeSales faculty taught courses online using methods including, but not limited to, the posting of recorded lectures and other asynchronous recorded material, and the use of live, synchronous instruction over platforms such as Zoom. The remaining allegations of this paragraph are denied. Defendant specifically denies that there was a lack of interaction – classroom and/or otherwise – between students and faculty after March 16, 2020.  Defendant further denies that students were deprived of what they allegedly "paid for."

---

[8]    Had Plaintiff and the Class chose to seek online only education, they could have done so at significantly cheaper prices, based on offering in the same geographic location and nationwide. Further academic research shows that online programs are typically the cheaper alternative to traditional in-person and on-campus educational products.

38.     The online formats used by DSU did not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams.

**ANSWER:**     Denied.

39.     Students were deprived of the opportunity for hands-on, experiential, and collaborative learning and in-person dialogue, feedback, and critique.

**ANSWER:**     Denied.

40.     Access to facilities such as libraries, laboratories, computer labs, and study rooms, integral to a university education, and access to the myriad activities offered by campus life that foster social development, leadership, wellness, independence, and networking for future careers, are all substantial and material parts of the basis upon which DSU can charge the tuition it charges. Contrary to DSU's promises, these services and facilities were not provided.

**ANSWER:**     Denied.

41.     DSU has not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the Spring 2020 semester for the period it moved to online distance learning.

**ANSWER:**     Denied as DeSales did not offer tuition refunds in connection with the transition to online learning in light of government-ordered closure related to the COVID-19 pandemic, as DeSales continued its operations through the Spring 2020 semester and Plaintiff continued to receive the benefit of those operations, including instruction in the classes in which he enrolled that semester, other services and amenities, and the award of associated academic credits.

42.     Nor has DSU refunded any portion of the Mandatory Fee it collected from Plaintiff and the members of the Class for the Spring 2020 semester even though Defendant closed or ceased operating the services and facilities for which the Mandatory Fee was intended to pay.

**ANSWER:** Denied as DeSales continued its operations through the Spring 2020 semester and Plaintiff continued to receive the benefit of those operations, including in services and amenities that were part of the fee.

43. Plaintiff and the Class are therefore entitled to a *pro rata* refund of the tuition and Mandatory Fees they paid DSU for the Spring 2020 semester for the remaining days of that semester after classes moved from in-person to online and facilities were closed.

**ANSWER:** The averments of this paragraph constitute a conclusion of law to which no response is required. To the extent a response is required, denied.

## CLASS ACTION ALLEGATIONS

44. Plaintiff brings this case individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as:

All DSU students who satisfied their payment obligations for the Spring Semester 2020 tuition and/or Mandatory Fees and enrolled in at least one in-person on-campus class (the "Class").

**ANSWER:** This paragraphs merely recount the Plaintiff's characterization of the case and, as such, do not require a response from Defendant. To the extent that a response is required, denied. Further answering, DeSales states that this action is not proper for class action treatment.

45. Specifically excluded from the Class *are* all students who received full DSU - funded scholarships for the Spring 2020 semester, Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers.

**ANSWER:** This paragraph recounts the Plaintiff's characterization of the class and, as such, do not require a response from Defendant. To the extent that a response is required, denied. Further answering, DeSales states that this action is not proper for class action treatment.

46.     Subject to additional information obtained through further investigation and discovery, Plaintiff reserves the right to amend, narrow, or expand the class definitions.

**ANSWER:**     The averments of this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, denied. Further answering, DeSales states that this action is not proper for class action treatment.

47.     **Numerosity:** The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is unknown to Plaintiff, DSU reported thousands of students enrolled for the 2019-2020 school year. The names and addresses of all such students are known to DSU and can be identified through DSU's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

**ANSWER:**     The averments of this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, denied. Further answering, DeSales states that this action is not proper for class action treatment.

48.     **Commonality:** There are questions of law and fact common to the members of the Class including, without limitation:

a.      Whether DSU accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus educational experience, as well as certain facilities and services throughout the Spring 2020 term;

b.      Whether DSU breached its contracts with Plaintiff and the members of the Class by failing to provide them with an inperson and on-campus educational experience during the entirety of the Spring 2020 term;

c.      Whether DSU breached its contracts with Plaintiff and the Class by transitioning to remote education, and failing to provide the services and facilities to which the Mandatory Fees pertained;

  d.  Whether DSU was unjustly enriched by retaining a portion of the tuition and Mandatory Fees during the period of time DSU was closed during the Spring 2020 term, and Plaintiff and the members of the Class were denied an in-person and on-campus educational experience and access and the services and facilities for which the Mandatory Fee was paid; and

  e.  The amount of damages and other relief to be awarded to Plaintiff and the Class members.

**ANSWER:** The averments of this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, denied. Further answering, DeSales states that this action is not proper for class action treatment.

49. **Typicality:** Plaintiffs claims are typical of the claims of the members of the Class. Plaintiff and the other Class members each contracted with Defendant for it to provide an in-person and on-campus educational experience for the tuition they paid and the services and facilities for the Mandatory Fees that they paid, that DSU stopped providing for the remainder for the Spring 2020 term.

**ANSWER:** The averments of this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, denied. Further answering, DeSales states that this action is not proper for class action treatment.

50. **Adequacy of Representation:** Plaintiff is an adequate class representative because his interests do not conflict with the interests of the other Class members whom he seeks to represent. Plaintiff has retained competent counsel who are experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

**ANSWER:** The averments of this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, denied. Further answering, DeSales states that this action is not proper for class action treatment.

51.     **Predominance.** Common questions of law and fact predominate over any questions affecting only individual Class Members. Similar or identical violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. For example, Defendant's liability and the fact of damages is common to Plaintiff and each member of the Class. If Defendant breached its contracts to Plaintiff and Class members, then Plaintiff and each Class member suffered damages by that conduct.

> **ANSWER:**     The averments of this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, denied. Further answering, DeSales states that this action is not proper for class action treatment.

52.     **Superiority:** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members is relatively small compared to the burden and expense that would be required to individually litigate their claims against DSU, making it impracticable for Class Members to individually seek redress for DSU's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individual litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

> **ANSWER:**     The averments of this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, denied. Further answering, DeSales states that this action is not proper for class action treatment.

- 17 -

53.   **Ascertainability:** Members of the Class are ascertainable. Class membership is defined using objective criteria, and Class members may be readily identified through Defendant's books and records.

**ANSWER:**   The averments of this paragraph constitute conclusions of law to which no response is required. To the extent that a response is required, denied. Further answering, DeSales states that this action is not proper for class action treatment.

### FIRST CLAIM FOR RELIEF
### BREACH OF IMPLIED CONTRACT

54.   Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

**ANSWER:**   DeSales incorporates its responses to Paragraphs 1-53 as if fully stated here.

55.   Plaintiff brings this claim individually and on behalf of the members of the Class.

**ANSWER:**   This paragraph does not contain any factual averments to which a response is required. To the extent a response is required, denied.

56.   When Plaintiff and Class members paid DSU tuition ait the Mandatory Fees for the Spring 2020 term, DSU agreed to, among other things, provide an inperson and on-campus educational experience as well as the services and facilities to which the Mandatory Fee they paid pertained throughout the Spring 2020 term. As a result, Plaintiff and each member of the Class entered into binding implied contracts with DSU.

**ANSWER:**   Admitted in part. DeSales admits there was an implied contract between it and its students.  DeSales denies the remaining allegations of these paragraphs, and specifically denies that the implied contract required DeSales to provide in-person instruction or unfettered access to campus in the event DeSales was ordered to cease such operations by the government due to an unprecedented global pandemic, and further denied that the implied contract included a promise that DeSales would refund tuition and mandatory fees under such circumstances, particularly when Plaintiff and other students continued to receive their education and earned academic credits (which Plaintiff is presumably not offering to return).

57.   When entering into implied contracts, Plaintiff and Class members reasonably believed and expected that DSU would provide them with an on-campus and in-person educational

experience, as opposed to remote learning, and use of Defendant's facilities and services for the

duration of the entire Spring 2020 semester as mutually agreed and intended in accordance with

Defendant's publications, including but not limited to, its marketing materials, course catalogues,

and other bulletins, as well as DSU's history and prior course of providing in-person and on-

campus education.

> **ANSWER:** Admitted in part. DeSales admits there was an implied contract between it and its students. DeSales denies the remaining allegations of these paragraphs, and specifically denies that the implied contract required DeSales to provide in-person instruction or unfettered access to campus in the event DeSales was ordered to cease such operations by the government due to an unprecedented global pandemic, and further denied that the implied contract included a promise that DeSales would refund tuition and mandatory fees under such circumstances, particularly when Plaintiff and other students continued to receive their education and earned academic credits (which Plaintiff is presumably not offering to return).

58.     Plaintiff and Class members fully performed their obligations under their implied

contracts with DSU by registering for classes and paying tuition and the Mandatory Fee.

> **ANSWER:** Admitted as to Plaintiff. DeSales lacks sufficient information to either admit or deny the allegations of this paragraph with respect to every member of the proposed class.

59.     Defendant is in possession of all contracts, materials, circulars, advertisements and

the like between Plaintiff and members of the Class on one hand, and DSU on the other.

> **ANSWER:** Admitted that DeSales has copies of documents provided to its students. *See, e.g.*, Exhibit A. DeSales lacks sufficient information to either admit or deny the remainder of this paragraph because it is not clear to which documents exactly Plaintiff is referring.

60.     DSU breached its contracts with Plaintiff and the Class by failing to provide the

promised in-person and on-campus educational experience as well as the services and facilities to

which the Mandatory Fees pertained throughout the Spring 2020 semester, yet has retained monies

paid by Plaintiff and the Class for an on- campus and in-person educational experience and access

to these services and facilities during the entire Spring 2020 semester. Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

      **ANSWER:**   Denied.

61.    Plaintiff and the members of the Class have suffered damages as a direct and proximate result of DSU's breach in the amount of the prorated portion of the tuition and Mandatory Fees they each paid equal to the reduction in contracted for education and services during the Spring 2020 term when DSU discontinued inperson classes and closed campus facilities.

      **ANSWER:**   Denied.

62.    DSU should return such portions of the tuition and Mandatory Fees to Plaintiff and each Class Member.

      **ANSWER:**   Denied.

**SECOND CLAIM FOR RELIEF**
**UNJUST ENRICHMENT**

63.    Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

      **ANSWER:**   DeSales incorporates its responses to Paragraphs 1-62 as if fully stated here.

64.    Plaintiff brings this claim individually and on behalf of the members of the Class in the alternative to the First Claim for Relief, to the extent it is determined that Plaintiff and the Class do not have an enforce able contract with DSU regarding the relief requested.

      **ANSWER:**   This paragraph does not contain any factual averments to which a response is required. To the extent a response is required, denied. By way of further response, as there is a contract between Plaintiff and DeSales, his unjust enrichment claim is barred.

65.    Plaintiff and members of the Class conferred a benefit on DSU in the form of tuition and the Mandatory Fees paid for the Spring 2020 term. The payment of this tuition and Mandatory

- 20 -

Fees was to be in exchange for an in-person, on- campus educational experience to be provided to Plaintiff and the members of the Class throughout the Spring 2020 semester.

**ANSWER:**   Denied.

66.    DSU knowingly accepted the benefits conferred upon it by Plaintiff and Class members.

**ANSWER:**   DeSales admits it knowingly accepted tuition and mandatory fees paid by or on behalf of its students.  Denied as to remainder of this paragraph.

67.    DSU has retained the full benefit of the tuition and Mandatory Fee payments made by Plaintiff and the members of the Class for the Spring 2020 term— without providing the benefits that Plaintiff and Class members were owed.

**ANSWER:**   Denied.

68.    For example, DSU failed to provide Plaintiff and Class Members access to many on-campus facilities and services throughout the entire Spring 2020 term, yet DSU assessed Plaintiff and Class Members with tuition and fees that covered the cost of upkeep and maintenance of such facilities and services.

**ANSWER:**   Denied.

69.    Indeed, as a result of closing campus and moving classes online, DSU saved significant sums of money in the way of reduced utility costs, reduced meaning and staffing requirements, reduced or eliminated hours for hourly employees, reduced or eliminated hours for paid work student students, and otherwise.

**ANSWER:**   Denied.

70.    The costs incurred for having an online only program are significantly lower than the overhead needed to provide classes and services on campus.

**ANSWER:**   Denied.

71.    As a result of DSU's retention of all the tuition and Mandatory Fees paid by Plaintiff and members of the Class during the period of time DSU was closed, Plaintiff and the members of the Class were denied an in-person and on- campus educational experience and access and the services and facilities for which the Mandatory Fees were paid. This was unjust and inequitable under the circumstances.

**ANSWER:**    Denied.

72.    Allowing DSU to retain the full benefit of tuition and Mandatory Fees paid for in-person on campus education and experiences, after reducing the benefit provided and the costs incurred by DSU, unjustly enriched the Defendant.

**ANSWER:**    Denied.

73.    Accordingly, DSU has been unjustly enriched and should return the pro-rated portion of the tuition and Mandatory Fees that Plaintiff and Class members each paid equal to the reduction in benefit for education and services during the remainder of the Spring 2020 semester when DSU discontinued in-person classes and closed campus facilities.

**ANSWER:**    Denied.

## **AFFIRMATIVE DEFENSES**

1.    The foregoing paragraphs of this Answer are hereby incorporated by reference.

2.    Plaintiff's claims are barred, in whole or in part, by the educational malpractice doctrine because they are claiming they received a less valuable education than they were promised.

3.    Plaintiff's claims are barred, in whole or in part, by the terms, conditions, exclusions, and limitations contained in the parties' agreement.  That agreement provided that no refunds would be issued for tuition if DeSales changed the modality of instruction.

4.      Plaintiff's implied contract claims are barred because a contract exists between the parties concerning the payment and refund of tuition and mandatory fees.

5.      Plaintiff's unjust enrichment claims are barred because a contract exists concerning the payment and refund of tuition and mandatory fees.

6.      Plaintiff's claims are barred, in whole or in part, because Plaintiff, and/or proposed class members, have not suffered any damages attributable to an action or inaction of DeSales as opposed to other actions like the government orders that precluded DeSales from providing in-person instruction and unfettered access to its campus after March 16, 2020.

7.      Though DeSales expressly denies Plaintiff, and/or proposed class members, have incurred any damages attributable to an action or inaction of DeSales, any damages Plaintiff, and/or proposed class members, claim to have incurred were caused by facts, actions, or events having nothing to do with DeSales.

8.      Plaintiff's claims are barred, in whole or in part, by the doctrines of impossibility, impracticability, and frustration of purpose. Given the government orders requiring DeSales to cease in-person instruction and restrict access to its campus, DeSales could not provide those services to students after March 16, 2020.

9.      Plaintiff's claims are barred, in whole or in part, by the defense of accord and satisfaction.

10.      Plaintiff's claims are barred, in whole or in part, because Plaintiff, and/or the proposed class members, have failed to mitigate any alleged damages.

11.      Plaintiff's claims are barred, in whole or in part, because any judgment or recovery in favor of Plaintiff, and/or the proposed class members, would constitute unjust enrichment.

12.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, laches, and/or waiver.

13.     DeSales may have additional defenses that cannot now be articulated due to the generality of Plaintiff's pleadings, the fact that no class has been certified, and the fact that discovery has been limited thus far. Accordingly, DeSales expressly reserves the right to supplement or amend the foregoing and to plead any and all additional defenses available under the law.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor, together with costs, fees, and any other relief this Court deems just and proper.


Dated: May 16, 2024


Respectfully submitted,


*/s/ James A. Keller*
James A. Keller, Esq. (PA 78955)
Saul Ewing LLP
1500 Market Street, 38th Floor
Philadelphia, PA 19104
215-972-1964
james.keller@saul.com

John A. Marty, Esq. (PA 324405)
Saul Ewing LLP
One PPG Place
Suite 3010
Pittsburgh, PA 15222
412-209-2566
john.marty@saul

- 24 -

James A. Morsch, Esq. (*pro hac vice forthcoming*)
Saul Ewing LLP
161 N. Clark Street, #4200
Chicago, IL 60601
312-876-7866
jim.morsch@saul.com

*Counsel for Defendant*

52235701.5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Pennsylvania by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

<u>    / s/ James A. Keller    </u>
James A. Keller, Esquire

Dated: May 16, 2024