IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY LOGAN KEENHOL,<br>　　　　　　　　Plaintiff, | :<br>:<br>: | |
| v. | : | Civil No. 5:24-cv-01083-JLS |
| DESALES UNIVERSITY,<br>　　　　　　　　Defendant. | :<br>:<br>: | |

**FINAL JUDGMENT**

**WHEREAS**, the Parties to the above-captioned putative class action (the "Action") executed a Settlement Agreement and Release dated as of April 17, 2025 (the "Settlement");

**WHEREAS**, on June 3, 2025, the Court entered an Order Granting Plaintiff's Unopposed Motion to Preliminarily Approve Class Action Settlement, Certify the Class, Appoint Class Counsel, Approve Proposed Class Notice, and Schedule a Final Approval Hearing ("Preliminary Approval Order"), which, inter alia: (i) preliminarily approved the Settlement; (ii) preliminarily determined that, for purposes of the Settlement only, the Action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the Settlement Class defined as:

> All students who satisfied all or part of their payment obligations to the University for Spring 2020 for tuition and/or Mandatory Fees (including the Student Activity Fee) and who were enrolled in at least one in-person, on-campus class.

(iii) preliminarily appointed Named Plaintiff Jeffrey Logan Keenhol as Settlement Class Representative; (iv) preliminarily appointed Nicholas A. Colella of Lynch Carpenter, LLP and Michael A. Tompkins and Anthony M. Alesandro of Leeds Brown Law, P.C. as Class Counsel;

1

(v) approved the forms and manner of notice of the Settlement to Settlement Class Members; (vi) directed that appropriate notice of the Settlement be given to the Settlement Class; and (vii) set a hearing date to consider final approval of the Settlement;

**WHEREAS**, on July 18, 2025 and September 3, 2025, notice of the Settlement was provided to Settlement Class Members in accordance with the Court's Preliminary Approval Order;

**WHEREAS**, on August 18, 2025, Class Counsel filed their Motion for Award of Attorneys' Fees and Costs to Settlement Class Representative and accompanying Memorandum of Law and supporting exhibits ("Fee Application"), and, on October 17, 2025, Named Plaintiff filed his Motion for Final Approval of Class Action Settlement ("Final Approval Motion") and accompanying Memorandum of Law and supporting exhibits;

**WHEREAS**, on October 28, 2025, at 11:00 a.m. at the United District Court of the Eastern District of Pennsylvania, The Gateway Building, Courtroom 5, 201 Penn Street, Reading, PA 19601, this Court held a hearing to determine whether the Settlement was fair, reasonable, and adequate to the Settlement Class (the "Final Approval Hearing"); and

**WHEREAS**, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement and all other files, records, and proceedings in the Action, and being otherwise fully advised,

    **THE COURT HEREBY FINDS AND CONCLUDES that:**

    A. This Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all the Parties and all the Settlement Class Members for purposes of the Settlement.

B. This Order incorporates the definitions in the Settlement and all terms used in the Order have the same meanings as set forth in the Settlement, unless otherwise defined herein.

C. The Short Form Notice and Long Form Notice (the "Notices") provided to the Settlement Class Members in accordance with the Preliminary Approval Order constituted the best notice practicable under the circumstances of this Action and constituted due and sufficient notice of the proceedings and matters set forth therein, including of the Settlement, to all persons entitled to notice. The Notices fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.

D. The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

E. For purposes of the Settlement only, the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

F. Class Counsel and the Settlement Class Representative have fairly and adequately represented the Settlement Class, both with respect to litigation of the Action and for purposes of negotiating, entering into, and implementing the Settlement. Class Counsel and the Settlement Class Representative have satisfied the requirements of Rules 23(a)(4) and 23(g) of the Federal Rules of Civil Procedure.

G. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement, as: (i) it is in all respects fair, reasonable, and adequate to the Settlement Class; (ii) it was the product of informed, arm's-length negotiations among competent, able counsel, and the negotiations were facilitated by an experienced professional mediator, Hon. Thomas J. Rueter (Ret.); (iii) it was based on a record that is sufficiently developed to have enabled the Settlement Class Representative and DeSales to adequately

evaluate their positions; (iv) the relief provided to the Settlement Class is adequate, taking into account the costs, risks, and delay of continued litigation and the effectiveness of the plan of allocation as outlined in the Settlement; (v) the Settlement treats Settlement Class Members equitably relative to one another; and (vi) the Settlement was positively received by the Settlement Class.

H. There is one person who has timely and validly requested exclusion from the Settlement Class.

I. There are no persons who have timely and validly objected to the Settlement.

J. The Settlement Class Representative and the Settlement Class Members, and all and each of them, are hereby bound by the terms of the Settlement.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1. The Settlement is fair, reasonable, and adequate to the Settlement Class. Accordingly, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

2. Class Counsel is awarded from the Settlement Fund attorneys' fees in the amount of $172,886.04, which is 33.33% of the Settlement Fund; and $6,250.82 as reimbursement of litigation expenses. These awards shall be distributed pursuant to the terms of the Settlement.

3. All Parties to this Action, and all Settlement Class Members, are bound by the Settlement and this Final Judgment.

4. **Final Judgment is entered dismissing the Action with prejudice, and without taxation or costs in favor of or against any Party.**

5. The Releasing Settlement Class Parties shall be deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged all Released Claims against the Released DeSales Parties, and shall forever be barred and enjoined

from prosecuting any or all of the Released Claims against any of the Released DeSales Parties. The Released Claims include any unknown claims that reasonably could have arisen out of the same facts alleged in the Action that the Releasing Parties do not know or suspect to exist in their favor at the time of the release, which, if known by them, might have affected their decision to agree to the Settlement, their decision to release the Released Claims, or their decision not to object to the Settlement.

6. The manner of distribution of the Net Settlement Fund as described in the Settlement and in the Notices to Potential Settlement Class Members is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to the Settlement Class. Any order or proceedings relating to the manner of distribution of the Net Settlement Fund, so long as they are not materially inconsistent with this Final Judgment, shall not operate to terminate or cancel the Settlement or affect the finality of this Final Judgment approving the Settlement.

7. The Court hereby decrees that neither the Settlement nor this Final Judgment nor the fact of the Settlement is an admission or concession by DeSales of any fault, wrongdoing, or liability whatsoever. This Final Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption, or inference against DeSales or the Released DeSales Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement.

8. Without affecting the finality of this Final Judgment in any way, the Court retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions from the Settlement Fund; (b) the Action, until each and every act agreed to be performed by the Parties

shall have been performed pursuant to the terms and conditions of the Settlement and any further orders of the Court; and (c) the Parties, for the purpose of enforcing and administering the Settlement.

9. **There is no just reason to delay the entry of this Final Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Final Judgment in this Action and to close the case.**

10. In the event that this Final Judgment does not become Final in accordance with Paragraph 1(k) of the Settlement, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void, except those necessary to effect termination of the Settlement. In such event, the Action shall return to its status immediately prior to execution of the Settlement.

**DATED: October 28, 2025**

                              **BY THE COURT:**

                              */s/ Jeffrey L. Schmehl*
                              **JEFFREY L. SCHMEHL, J.**